UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEBORAH S.,[1]

      **Plaintiff,**

v.

      Civil Action 2:22-cv-3476
      Judge James L. Graham
      Magistrate Judge Chelsey M. Vascura

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Deborah S, ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits. This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 11), the Commissioner's Memorandum in Opposition (ECF No. 13), and the administrative record (ECF No. 6). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**.

### I. BACKGROUND

Plaintiff protectively filed her application for Title II period of disability and disability insurance benefits in September 2018, alleging, after amendment, that she became disabled on April 22, 2015. After Plaintiff's applications were denied at the initial and reconsideration levels,

---

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

an administrative law judge ("ALJ") held a hearing on April 10, 2020, and issued an unfavorable determination on October 29, 2020. That unfavorable determination became final on October 15, 2021, when the Appeals Council denied Plaintiff's request for review.

Plaintiff seeks judicial review of that final determination. Plaintiff's sole contention of error is that the ALJ erred when denying her post-hearing objection to the Vocational Expert's hearing testimony on the basis that her objection was untimely or waived. (Pl.'s Statement of Errors 5–8, ECF No. 11.) The undersigned disagrees.

## II.     THE ALJ'S DECISION

On October 29, 2020, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 19–31.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantially gainful activity during the period of August 22, 2015, Plaintiff's alleged disability onset date, through March 31, 2020, Plaintiff's date last insured. (*Id.* at 21.) At step two, the ALJ found that Plaintiff had the

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

2

severe impairments of chronic obstructive pulmonary disease and pulmonary sarcoidosis. (*Id.* at 21–23.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 23–24.) At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> [T]he claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps, stairs, ladders, ropes and scaffolds; could have occasional exposure to temperatures over 90F; and must avoid concentrated pulmonary irritants such as fumes, odors, dust, and gases.

(*Id.* at 24.) The ALJ then relied on the hearing testimony of Dr. Michael A. Klein, a Vocational Expert ("VE"), at steps four and five to conclude that Plaintiff was unable to perform any past relevant work, but that Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy prior to her date last insured. (*Id.* at 28–30.) Specifically, the ALJ relied on the VE's testimony that an individual with Plaintiff's age, education, work experience, and residual functional capacity could perform the requirements of representative occupations such as Marker (DOT 209.587-034, 35,000 jobs nationally), Assembler (DOT 706.684-022, 50,000 jobs nationally), and Produce Weigher (DOT 299.587-010, 40,000 jobs nationally). (*Id.* at 29.)

The ALJ further considered Plaintiff's post-hearing brief and vocational opinion and assessment by Paula F. Satagati, objecting to the VE's testimony. (*Id.* at 29–30.) Of relevance to Plaintiff's Statement of Errors, the ALJ stated:

> The claimant's representative made objections to the use of the DOT for hearing testimony (Exhibit 15E). However, the Commissioner of the Social Security Administration still relies upon the DOT as an authoritative source. Specifically, the Regulations provide that we will take administrative notice of "reliable job information" available from various publications, including the DOT. In fact, in making disability determinations, we rely primarily on the DOT (including its companion publication, the Selected Characteristics of Occupations Defined in the

3

> Revised Dictionary of Occupational Titles (SCO)) for information about the requirements of work in the national economy at steps 4 and 5 of the sequential evaluation process. However, testimony from vocational experts may be utilized as a source of occupational evidence, and any evidence from vocational experts can include information not listed in the DOT (20 CFR 404.1566(d), (e)).
>
> The claimant's representative also makes several arguments related to Dr. Klein's failure to provide his process in providing his job numbers. However, the claimant's representative made no objections at the hearing, nor did he question Dr. Klein's methodology at the hearing, despite ample opportunity to examine Dr. Klein. Accordingly, the undersigned additionally denies the claimant's representative's request for Dr. Klein to submit his "complete process," and all sources of data and methodologies used to arrive at his numbers. No such request for information was made at the hearing at a time when Dr. Klein could respond to any related questions. Similarly, his objection is overruled. As previously stated that the Social Security Administration relies upon the DOT as an authoritative source, and additionally finds Dr. Klein's testimony persuasive.

(*Id.* at 30.)

The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act during the relevant period. (*Id.* at 30.)

### III.     STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "take into account whatever in the record fairly detracts from [the] weight" of the

Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. ANALYSIS

In determining that Plaintiff could perform jobs existing in significant numbers in the national economy during the relevant period, the ALJ properly relied on the VE's testimony and the DOT, both of which constitute substantial evidence. When the ALJ determines, as here, that a claimant cannot perform her past relevant work, the burden shifts to the Commissioner to prove that the claimant has the capacity to perform other work. 20 C.F.R. § 404.1560(c)(2). To meet this burden, "the Commissioner must make a finding 'supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs.'" *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)). "[T]he testimony of a vocational expert identifying specific jobs available in the [ ] economy that an individual with the claimant's limitation could perform can constitute substantial evidence supporting an ALJ's finding at step 5 that the claimant can perform other work." *Wilson v. Comm'r of Soc. Sec*, 378 F.3d 541, 549 (6th Cir. 2004) (collecting cases); *see also Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 562 (6th Cir. 2022)

("[W]hen a qualified vocational expert testifies that a person with the claimant's work experience and physical limitations could perform a significant number of jobs available in the national economy, the ALJ has a solid basis for denying disability benefits."). Further, the social security regulations expressly permit the Commissioner to rely on the Dictionary of Occupational Titles ("DOT") in determining the number of jobs existing in the national economy. *See* 20 C.F.R. § 404.1566(d)(1).

Plaintiff's post-hearing objection to the VE's testimony lacks merit. First, the ALJ rightly pointed out that Plaintiff's representative had the opportunity to question the VE during the hearing about the process he used to arrive at the number of relevant jobs and failed to do so. "Courts have consistently rejected Plaintiff's argument that an ALJ errs if, after allowing a claimant to cross-examine a VE, he or she does not explicitly address newly-raised, post-hearing objections in a written decision." *Cockrell v. Comm'r of Soc. Sec.*, No. 2:18-CV-1124, 2020 WL 13542436, at *6 (S.D. Ohio Feb. 11, 2020); *see also Zimmerman v. Comm'r of Soc. Sec.*, No. 1:18CV1233, 2019 WL 4736267, at *9 (N.D. Ohio Sept. 27, 2019) (collecting cases) ("Zimmerman has not provided jurisprudence that supports his argument that the ALJ had an obligation to explicitly address his post-hearing objections to the VE's testimony. Indeed, courts have rejected this argument."). Moreover, the undersigned does not credit Plaintiff's assertion that she "raised her concern as soon as it was possible." (Statement of Errors 6, ECF No. 11.) It is utterly commonplace at social security hearings for VEs to testify, with reference to the DOT, as to the number of jobs in the national economy available to claimants. The suggestion that Plaintiff's representative could not have foreseen that the VE would testify to such facts, and therefore could not have prepared relevant questions for the VE as to his "process" during the hearing, is disingenuous.

Further, the ALJ did not overrule Plaintiff's objection solely on the basis of waiver or untimeliness. Rather, he considered and rejected the substance of Plaintiff's objection, concluding that he may rely on the VE's testimony and the DOT notwithstanding Plaintiff's request for additional information about the VE's process of determining the number of relevant jobs in the national economy. (R. 30) ("As previously stated[,] the Social Security Administration relies upon the DOT as an authoritative source, and additionally finds Dr. Klein's testimony persuasive."). Indeed, the Supreme Court of the United States has expressly rejected the notion that a failure to provide the underlying data for a VE's determination of the number of available jobs in the national economy renders the VE's testimony insufficient. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (in the absence of any other indicia of unreliability, "[e]ven though the applicant might wish for the data, the expert's testimony still will clear (even handily so) the more-than-a-mere-scintilla threshold"); *see also Moats*, 42 F.4th at 563 (noting "*Biestek*'s clear statement that a vocational expert need not disclose the survey data underlying his testimony"). Accordingly, it is **RECOMMENDED** that Plaintiff's contention of error be **OVERRULED**.

## V. DISPOSITION

In sum, from a review of the record as a whole, the Court concludes that substantial evidence supports the ALJ's decision denying benefits. For the foregoing reasons, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those

7

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE