# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Deborah S.,**

   **Plaintiff,**

 v.

**Commissioner of Social Security,**

   **Defendant.**

Case No. 2:22-cv-3476

## Opinion and Order

Plaintiff Deborah S. brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security denying her application for supplemental social security income. This matter is before the Court for consideration of the Plaintiff's objection (ECF No. 15) to the Magistrate Judge's Report and Recommendation (ECF No. 14) in which the Magistrate Judge recommended that the Court affirm the Commissioner's decision.

For the reasons stated below, the Court overrules Plaintiff's objection and adopts the Magistrate Judge's Report and Recommendation.

## I. Background

Plaintiff filed her current application for Title II period of disability and disability insurance benefits in September 2018. She alleged the existence of a disability beginning on April 22, 2015. The Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's application for benefits on October 29, 2020. Following the denial of Plaintiff's request for review by the Appeals Council, Plaintiff appealed the Commissioner's final decision to this Court.

The ALJ determined that Plaintiff suffered from the severe impairments of chronic obstructive pulmonary disease and pulmonary sarcoidosis. However, the ALJ found that none of Plaintiff's impairments, either singly or in combination, met or medically equaled a listed impairment. As to Plaintiff's residual functional capacity ("RFC"), the ALJ found:

> [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps, stairs, ladders, ropes and scaffolds; could have occasional exposure to temperatures over 90F; and must avoid concentrated pulmonary irritants such as fumes, odors, dust, and gases.

R. 24.

The ALJ determined that Plaintiff was unable to perform any past or relevant work, but concluded, based on a Vocational Expert's testimony, that Plaintiff could perform other work that existed in significant numbers in the national economy such as Marker (DOT 209.587-034, 35,000 jobs nationally), Assembler (DOT 706.684-022, 50,000 jobs nationally), and Produce Weigher (DOT 299.587-010, 40,000 jobs nationally). R. 29. The ALJ concluded that the Plaintiff was not disabled, as defined in the Social Security Act, during the relevant period.

## II.     Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); 42 U.S.C. § 405(g). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## III.    Plaintiff's Objection

Plaintiff raises a single objection: that the ALJ erred when denying her post-hearing objection to the Vocational Expert's hearing testimony and requesting underlying job data from the Vocational Expert on the basis that her objection was untimely or waived. Plaintiff argues

that the ALJ should have considered an objection made after the hearing and that the evidence Plaintiff submitted contradicted the Vocational Expert's hearing testimony regarding Plaintiff's ability to participate in the national economy in another job. Plaintiff contends that she "provided evidence that there was no known methodology for reliably determining the number of jobs through just the DOT code." (ECF No. 11 at PAGEID 545.) Plaintiff also argues the ALJ should have allowed the Plaintiff to discredit the Vocational Expert's evidence because the ALJ allegedly refused a request to see the underlying data that informed the Vocational Expert's testimony.

The Magistrate Judge found that even if Plaintiff had not waived their right to challenge the evidence, "the ALJ did not overrule Plaintiff's objection solely on the basis of waiver or untimeliness. Rather, he considered and rejected the substance of Plaintiff's objection, concluding that he may rely on the VE's testimony and the DOT notwithstanding Plaintiff's request for additional information about the VE's process of determining the number of relevant jobs in the national economy." (ECF No. 14 at PAGEID 569.) The Magistrate Judge then detailed the Supreme Court's holding in *Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019), finding that an ALJ's denial of an applicant's request for the data behind the Vocational Expert's opinion is not cause for reversal of the decision, and that the DOT data is an acceptable source for reliable job numbers. The Magistrate Judge concluded that the ALJ relied upon substantial evidence in the record to support his conclusion.

The Plaintiff objected to the Report and Recommendation, alleging a basis exists for the Plaintiff to submit post-hearing objections. Additionally, the Plaintiff objected on the basis that the Vocational Expert should produce the underlying data because the DOT does not reliably produce job data. The Plaintiff also reiterated that it was impossible to prepare to ask questions to the Vocational Expert because there was no forewarning about which jobs the Vocational Expert would cite, and that the ALJ should have allowed the post-hearing objection that presented conflicting data about jobs that the Plaintiff could do.

The Magistrate Judge considered these arguments and addressed them at length. Plaintiff claims in her statement of errors that the ALJ plainly found that the issue was waived because it was not presented at the hearing. Even though the issue was waived, the ALJ still evaluated the persuasiveness of the Vocational Expert's testimony and considered the substance of the objection to the Vocational Expert's testimony. Therefore, even if the post-hearing objection was

3

allowed, the Magistrate Judge aptly explained why the post-hearing objection was properly denied and why the ALJ could rely on the Vocational Expert's testimony.

Furthermore, even though the Vocational Expert's testimony is not infallible, it is commonplace for a Vocational Expert to rely on DOT and accompanying data in making determinations about job numbers in the national economy. The Plaintiff could have been prepared to ask about the underlying data for the job numbers regardless of the jobs cited. The ALJ did not err by accepting the testimony of Dr. Klein who relied on DOT data when determining available jobs in the workforce. For these reasons and more provided in the Magistrate Judge's Report and Recommendation, reliance on the Vocational Expert's testimony was proper and the ALJ's finding was based on substantial evidence.

Upon *de novo* review, the Court concurs with the Magistrate Judge.

### IV. Conclusion

For the reasons stated above, the Court overrules Plaintiff's objections (ECF No. 15) and adopts and affirms the Magistrate Judge's Report and Recommendation. (ECF No. 14.) The decision of the Commissioner is affirmed, and the Clerk of Court is directed to enter final judgment in this matter.

**IT IS SO ORDERED**.

Date: December 27, 2023                    *s/ James L. Graham*
                                           James L. Graham
                                           United States District Judge